■ KOIBONG LI, et al., Appellants-Respondents, v ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent-Appellant. — In an action to recover interest payments on a mortgage, pursuant to section 5-511 of the General Obligations Law, the parties cross-appeal from so much of an order of the Supreme Court, Queens County, entered April 21, 1980 as (1) in part, denied plaintiffs' cross motion for summary judgment, and (2) dismissed defendant's counterclaim for counsel fees. Order affirmed insofar as appealed from, with $50 costs and disbursements to the defendant. In May, 1969 and December, 1971 plaintiffs assumed two separate mortgages with defendant bank. The mortgage agreements provided that payments were to be made on the first day of the month. The plaintiffs' December, 1978 payments were received on January 2, 1979. The defendant bank, pursuant to the provisions of the parties' contract, imposed late charges in the amount of $35.40 and $29.40, respectively, for each outstanding loan. Plaintiffs made arrangements to sell one of the mortgaged properties. At a closing, the plaintiffs paid the $35.40 late charge upon the bank's demand. In

August, 1979 the $29.40 late charge was also paid by the plaintiffs. Plaintiffs brought this action pursuant to section 5-511 of the General Obligations Law, claiming the late charges rendered both loans usurious. Plaintiffs, under the statutory penalties, demanded the return of $27,308.18 or the entire interest paid on one loan. In the second cause of action plaintiffs requested "$54.616.34" *[sic]* or double the interest paid. On the second loan plaintiffs demanded the return of interest payments totaling $28,092.84. The plaintiffs also sought $56,185.68 or double the interest paid on the second loan. The defendant interposed a counterclaim for reasonable legal fees under the contract. The mortgage agreements provided: "That if any action or proceeding be commenced by any person other than the Mortgagee, to which action or proceeding the Mortgagee is made a party, in which it becomes necessary to defend or uphold the lien of this mortgage, all sums paid by the Mortgagee for the expenses of any such litigation to prosecute or defend the rights and lien created by this mortgage (including reasonable counsel fees) shall be paid by the Mortgagor together with interest thereon * * * and any such sum and interest shall be a lien on said premises, prior to any right, title or interest in or claim upon the premises attaching or accruing subsequent to the lien of this mortgage, and shall be added to the principal amount intended to be secured by this mortgage and the accompanying bond." Special Term concluded the late charges were improper but refused to find that the assessments for late payments rendered the contract usurious. Accordingly, plaintiffs recovery was limited to said late charges of $35.40 and $29.40. The court refused to grant defendant's request for legal fees and construed the provision set forth above as being limited to actions which affected the defendant's liens on the properties. We agree. With respect to Special Term's conclusion that the late charges were improper it is plain that under the agreement the plaintiffs could properly make payments on January 2, 1979 as January 1, 1979 was a legal holiday and December 31, 1978 was a Sunday. Accordingly the receipt of the December payments on January 2, 1979 was timely. (See General Construction Law, §§ 25, 30.) The imposition of late charges, which the bank believed in good faith was in accordance with the agreement, did not render the contract usurious. (See 32 NY Jur, Interest and Usury, § 53, p 98; § 64, p 110.) The late charges imposed, under the facts of this case, do not manifest an intent to exact an unlawful rate of interest on the two mortgage notes. (See *Heelan v Security Nat. Bank,* 73 Misc 2d 1004.) Mollen, P.J., Hopkins, Damiani and Titone, JJ., concur.